MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
IRMA CARRASCO, *individually and on*
*behalf of others similarly situated,*

                              *Plaintiff*,

            -against-

PICANTE, INC. (D/B/A PICANTE),
HUMBERTO TITO, ANGEL TENESACH
(A.K.A. ANGEL TENESACA) and MOISES
TENESACA,
                              *Defendants.*
---------------------------------------------------------X

                                                            **COMPLAINT**


                                                   **COLLECTIVE ACTION UNDER**
                                                      **29 U.S.C. § 216(b)**

                                                            **ECF Case**

        Plaintiff Irma Carrasco ("Plaintiff Carrasco" or "Ms. Carrasco"), individually and on behalf

of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C.,

upon her knowledge and belief, and as against Picante, Inc. (d/b/a Picante), ("Defendant

Corporation"), Humberto Tito, Angel Tenesach (a.k.a. Angel Tenesaca) and Moises Tenesaca

("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

                              <u>**NATURE OF ACTION**</u>

        1.      Plaintiff Carrasco is a former employee of Defendants Picante, Inc. (d/b/a Picante)

Humberto Tito, Angel Tenesach (a.k.a. Angel Tenesaca) and Moises Tenesaca.

        2.      Defendants own, operate, or control a Mexican Restaurant, located at 3424 Broadway

New York, NY 10031 under the name "Picante".

3.    Upon information and belief, individual Defendants Humberto Tito, Angel Tenesach (a.k.a. Angel Tenesaca) and Moises Tenesaca, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.    Plaintiff Carrasco was an employee of Defendants.

5.    Plaintiff Carrasco was employed as a general assistant and ostensibly as a supervisor at the restaurant located at 3424 Broadway New York, NY 10031. However, she was required to spend a considerable part of her workday performing non-supervisory duties, including various restaurant duties such as preparing food and cleaning the refrigerator (hereinafter the "non-supervisory duties").

6.    At all times relevant to this Complaint, Plaintiff Carrasco worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that she worked.

7.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Carrasco appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.    Further, Defendants failed to pay Plaintiff Carrasco the required "spread of hours" pay for any day in which she had to work over 10 hours a day.

9.    Defendants employed and accounted for Plaintiff Carrasco as a general assistant and ostensibly as a supervisor in their payroll, but in actuality Plaintiff Carrasco's duties required a significant amount of time spent in non-supervisory duties.

10.    Regardless, at all times Defendants paid Plaintiff Carrasco a daily fixed salary which was less than the minimum salary required for a manager under New York state labor law.

11.    Furthermore, under federal law, Defendants were not entitled to classify her as an exempt manager, because her primary duties were non-managerial, she did not customarily and regularly directed work of at least two or more other full time employees, and did not have authority to hire or fire other employees (FLSA §13(a)(1), as defined by Regulations 29 CFR Part 541).

12.    Defendants' conduct extended beyond Plaintiff Carrasco to all other similarly situated employees.

13.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Carrasco and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

14.    Plaintiff Carrasco now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

15.    Plaintiff Carrasco seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Carrasco's state law claims under 28 U.S.C. § 1367(a).

17.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Mexican Restaurant located in this district. Further, Plaintiff Carrasco was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

18.    Plaintiff Irma Carrasco ("Plaintiff Carrasco" or "Ms. Carrasco") is an adult individual residing in New York County, New York.

19.    Plaintiff Carrasco was employed by Defendants at Picante from approximately 2001 until on or about November 19, 2017.

20.    Plaintiff Carrasco consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

21.    At all relevant times, Defendants own, operate, or control a Mexican Restaurant, located at 3424 Broadway New York, NY 10031 under the name "Picante".

22.    Upon information and belief, Picante, Inc. (d/b/a Picante) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 3424 Broadway New York, NY 10031.

23.    Defendant Humberto Tito is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Humberto Tito is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Humberto Tito possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Carrasco, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.    Defendant Angel Tenesach (a.k.a. Angel Tenesaca) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Angel Tenesach (a.k.a. Angel Tenesaca) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Angel Tenesach (a.k.a. Angel Tenesaca) possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Carrasco, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.    Defendant Moises Tenesaca is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Moises Tenesaca is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation.

Defendant Moises Tenesaca possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Carrasco, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26.    Defendants operate a Mexican Restaurant located in the Harlem section of Upper Manhattan in New York City.

27.    Individual Defendants, Humberto Tito, Angel Tenesach (a.k.a. Angel Tenesaca) and Moises Tenesaca, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

28.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.    Each Defendant possessed substantial control over Plaintiff Carrasco's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Carrasco, and all similarly situated individuals, referred to herein.

30.    Defendants jointly employed Plaintiff Carrasco (and all similarly situated employees) and are Plaintiff Carrasco's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.    In the alternative, Defendants constitute a single employer of Plaintiff Carrasco and/or similarly situated individuals.

32.    Upon information and belief, Individual Defendants Humberto Tito, Angel Tenesach (a.k.a. Angel Tenesaca) and Moises Tenesaca operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

33.    At all relevant times, Defendants were Plaintiff Carrasco's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Carrasco, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Carrasco's services.

34.    In each year from 2012 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

36.    Plaintiff Carrasco is a former employee of Defendants who was employed as a general assistant and ostensibly as a supervisor.

37.    Plaintiff Carrasco seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Irma Carrasco*

38.    Plaintiff Carrasco was employed by Defendants from approximately 2001 until on or about November 19, 2017.

39.    Defendants ostensibly employed Plaintiff Carrasco as a general assistant and ostensibly as a supervisor. However, at all relevant times, Plaintiff Carrasco was required to perform the non-supervisory duties described above.

40.    Although Plaintiff Carrasco was ostensibly employed as a general assistant and ostensibly as a supervisor, at all relevant times, her primary duties were not supervisory.

41.    Plaintiff Carrasco regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

42.    Plaintiff Carrasco's work duties required neither discretion nor independent judgment.

43.    Throughout her employment with Defendants, Plaintiff Carrasco regularly worked in excess of 40 hours per week.

44.    From approximately April 2012 until on or about January 2015, Plaintiff Carrasco worked from approximately 10:00 a.m. until on or about 11:00 p.m. or 12:00 a.m., Mondays through Saturdays, and from approximately 10:00 a.m. until on or about 2:00 a.m., every other Sunday (typically 78 to 94 hours per week).

45.    From approximately January 2015 until on or about November 2016, Plaintiff Carrasco worked from approximately 10:00 a.m. until on or about 6:00 p.m. or 6:20 p.m., on Thursdays, Fridays, and Saturdays and from approximately 10:00 a.m. until on or about 11:00 p.m. or 11:30 pm on Tuesdays and Wednesdays (typically 50 to 52 hours per week).

46.    From approximately November 2016 until on or about November 19, 2017, Plaintiff Carrasco worked from approximately 10:00 a.m. until on or about 6:00 p.m., on Tuesdays, Wednesdays, and Fridays, from approximately 10:00 a.m. until on or about 11:00 p.m. on Thursdays and from approximately 6:00 p.m. until 2:00 a.m. on Sundays (typically 45 hours per week).

47.    From approximately April 2012 until on or about January 2014, Defendants paid Plaintiff Carrasco her wages in cash.

48.    From approximately January 2014 until on or about November 19, 2017, Defendants paid Plaintiff Carrasco her wages in a combination of check and cash.

49.    From approximately April 2012 until on or about February 2016, Defendants paid Plaintiff Carrasco a fixed salary of $90 per day.

50.    From approximately February 2016 until on or about November 2016, Defendants paid Plaintiff Carrasco a fixed salary of $110 per day for her Thursday, Friday, and Saturday shifts and $140 per day for her Tuesday and Wednesday shifts.

51.    From approximately November 2016 until on or about November 19, 2017 Defendants paid Plaintiff Carrasco a fixed salary of $110 per day for her Tuesday, Wednesday, Friday, and Sunday shifts and $140 per day for her Thursday shifts.

52.    In addition, from approximately November 2016 until on or about November 19, 2017 Defendants paid Plaintiff Carrasco an additional $100 per week approximately every other week in cash.

53.    Plaintiff Carrasco's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

54.    For example, Plaintiff Carasco regularly worked 20 minutes to one hour past her scheduled departure time and was not compensated for the extra time.

55.    Defendants never granted Plaintiff Carrasco any breaks or meal periods of any kind.

56.    Plaintiff Carrasco was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

57.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Carrasco regarding overtime and wages under the FLSA and NYLL.

58.    Defendants did not provide Plaintiff Carrasco an accurate statement of wages, as required by NYLL 195(3).

59.    Defendants did not give any notice to Plaintiff Carrasco, in English and in Spanish (Plaintiff Carrasco's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

60.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Carrasco (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

61.    Plaintiff Carrasco was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

62.    Defendants' pay practices resulted in Plaintiff Carrasco not receiving payment for all her hours worked, and resulting in Plaintiff Carrasco's effective rate of pay falling below the required minimum wage rate.

63.    Defendants habitually required Plaintiff Carrasco to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

64.    Defendants required Plaintiff Carrasco the jobs of multiple employees in addition to her primary responsibility as a general assistant and ostensibly as a supervisor. These responsibilities included the non-supervisory duties described above.

65.    Plaintiff Carrasco's duties were not incidental to her occupation as a general assistant and ostensibly as a supervisor, but instead constituted entirely unrelated occupations with duties including the non-supervisory duties described above.

66.    Plaintiff Carrasco was paid a fixed daily salary by Defendants.

67.    Under the FLSA, the fixed minimum weekly salary required is $455 per week to qualify for the executive, administrative, professional, computer and outside sales employees' exemptions. Under New York State law, the minimum weekly salary required was $543.75 since January 1, 2011, $600 since December 31, 2013, $656.25 since December 31, 2014, $675 since December 31, 2015, $787.50 (for businesses with fewer than 10 employees) and $825 (for businesses with over 10 employees, such as Picante) since December 31, 2016, and $900 (for businesses with fewer than 10 employees) and $975 (for businesses with over 10 employees, such as Picante) since December 31, 2017.

68.    Under federal regulations, minimum standards may be exceeded but cannot be waived or reduced. Furthermore, when the state laws differ from federal FLSA, an employer must comply with the standard most protective to employees.

69.    In violation of federal and state law, Defendants classified Plaintiff Carrasco as a general assistant and ostensibly as a supervisor and paid her at a fixed salary rate (which was lower than the state minimum weekly fixed salary for exempt employees), when they should have classified her as a non-supervisory employee and paid her at the minimum wage rate and time and a half for the hours worked over 40 in a week.

70.    Under the FLSA and NYLL, in order to be eligible for an "managerial exemption" employers of supervisors or managers must either allow supervisory employees to customarily and regularly perform supervisory duties only and pay them at the minimum weekly fixed salary rate most favorable to the employee, or forgo the exemption and pay them the full hourly minimum wage.

71.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

72.    Defendants paid Plaintiff Carrasco her wages in cash until on or about January 2014 and then paid her a combination of check and cash until on or about November 19, 2017.

73.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

74.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Carrasco (and similarly situated individuals) worked, and to avoid paying Plaintiff Carrasco properly for her full hours worked.

75.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

76.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Carrasco and other similarly situated former workers.

77.    Defendants failed to provide Plaintiff Carrasco and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of

pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

78.     Defendants failed to provide Plaintiff Carrasco and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

79.     Plaintiff Carrasco brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

80.     At all relevant times, Plaintiff Carrasco and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

81.    The claims of Plaintiff Carrasco stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

82.    Plaintiff Carrasco repeats and realleges all paragraphs above as though fully set forth herein.

83.    At all times relevant to this action, Defendants were Plaintiff Carrasco's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Carrasco (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

84.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

85.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

86.    Defendants failed to pay Plaintiff Carrasco (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

87.    Defendants' failure to pay Plaintiff Carrasco (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

88.    Plaintiff Carrasco (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

89.    Plaintiff Carrasco repeats and realleges all paragraphs above as though fully set forth herein.

90.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Carrasco (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

91.    Defendants' failure to pay Plaintiff Carrasco (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

92.    Plaintiff Carrasco (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

93.    Plaintiff Carrasco repeats and realleges all paragraphs above as though fully set forth herein.

94.    At all times relevant to this action, Defendants were Plaintiff Carrasco's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Carrasco, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

95.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Carrasco less than the minimum wage.

96.    Defendants' failure to pay Plaintiff Carrasco the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

97.    Plaintiff Carrasco was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

98.    Plaintiff Carrasco repeats and realleges all paragraphs above as though fully set forth herein.

99.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Carrasco  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

100.   Defendants' failure to pay Plaintiff Carrasco overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

101.   Plaintiff Carrasco was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

102.   Plaintiff Carrasco repeats and realleges all paragraphs above as though fully set forth herein.

103.   Defendants failed to pay Plaintiff Carrasco one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Carrasco's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

104. Defendants' failure to pay Plaintiff Carrasco an additional hour's pay for each day Plaintiff Carrasco's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

105. Plaintiff Carrasco was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

106. Plaintiff Carrasco repeats and realleges all paragraphs above as though fully set forth herein.

107. Defendants failed to provide Plaintiff Carrasco with a written notice, in English and in Spanish (Plaintiff Carrasco's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

108. Defendants are liable to Plaintiff Carrasco in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

109.  Plaintiff Carrasco repeats and realleges all paragraphs above as though fully set forth herein.

110.  With each payment of wages, Defendants failed to provide Plaintiff Carrasco with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

111.  Defendants are liable to Plaintiff Carrasco in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Carrasco respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Carrasco and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Carrasco and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Carrasco's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Carrasco and the FLSA Class members;

(f)     Awarding Plaintiff Carrasco and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Carrasco and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Carrasco;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Carrasco;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Carrasco;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Carrasco's compensation, hours, wages and any deductions or credits taken against wages;

(l)      (j) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours wage Order were willful as to Plaintiff Carrasco;

(m)      Awarding Plaintiff Carrasco damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)      Awarding Plaintiff Carrasco damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiff Carrasco liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiff Carrasco and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Carrasco and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Carrasco demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
April 24, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 23, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Irma Carrasco

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     23 de abril de 2018

*Certified as a minority-owned business in the State of New York*